IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Quirin Weatherspoon, <br>     Petitioner, | ) <br> ) <br> ) | |
| v. | ) <br> ) | 1:20cv402 (CMH/TCB) |
| Harold W. Clarke, <br>     Respondent. | ) <br> ) <br> ) | |

## MEMORANDUM OPINION

Quirin Weatherspoon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his fourteen convictions in the Virginia Beach Circuit Court on November 20, 1997. By Order dated May 7, 2020, the Court directed Weatherspoon to explain why his petition is not barred by the statute of limitations and his claims should not be dismissed as defaulted. The Court has reviewed the petition and petitioner's response and concludes the petition must be dismissed.

### I. Procedural History

The Virginia Beach Circuit Court sentenced Weatherspoon on November 20, 1997 to a total of 108 years in prison with 50 years suspended for six counts of robbery, six counts of use of a firearm in the commission of a felony, malicious wounding and abduction. [Dkt. No. 1 at 18-19]. (Case Nos. CR96-1576-00 through -13). The Court of Appeals of Virginia denied Weatherspoon's petition for appeal on May 27, 1997, Case No. 0343-97-1,[1] and he did not appeal to the Supreme Court of Virginia.

On February 8, 2019, Weatherspoon filed a petition for expungement in the Virginia

---

[1] See Virginia Judicial System, Case Status and Information (Virginia Beach Circuit Court, Court of Appeals of Virginia, and Supreme Court of Virginia; search Weatherspoon, Quirin). See http://www.courts.state.va.us/ (last viewed July 9, 2020).

Beach Circuit Court raising three claims: (1) expungement of fictional information; (2) "absolute pardon," and (3) declaration of diplomatic immunity. [Dkt. No. 1 at 48]. In re: Quirin Weatherspoon, Case No. CL19-847. The circuit court dismissed Weatherspoon's petition as frivolous on February 13, 2019 [Dkt. No. 1 at 51] and the Supreme Court of Virginia dismissed his petition for appeal on July 31, 2019 pursuant to Virginia Supreme Court Rule 5:9(a) because he had not timely filed his notice of appeal in the circuit court. [Dkt. No. 1 at 73].

On August 3, 2019, Weatherspoon filed a pleading in this Court seeking review of the state court's decision dismissing his expungement petition, which the Court dismissed without prejudice to allow him to file a habeas petition under 28 U.S.C. § 2254 if he sought to challenge a state court conviction. Weatherspoon v. Commonwealth, Case No. 1:19-cv-01077-CMH-IDD (E. D. Va. Mar. 29, 2020). On April 1, 2020, petitioner filed the present habeas petition raising the same three claims he raised in his expungement petition and subsequent state petition for appeal to the Supreme Court of Virginia. Weatherspoon's petition is barred by the statute of limitations, his claims are defaulted, and even if not untimely and defaulted, his claims have no merit.

## II. Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Weatherspoon asserts that his claims are not time-barred because his federal petition was filed within one year of the dismissal of the state expungement proceedings. [Dkt No. 1 at 14]. This assertion is wrong because Weatherspoon is not detained pursuant to

2

the failed expungement petition but by the judgment entered on June 27, 1997. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (concluding that petitioner's claim that state habeas court erred in dismissing an equal protection claim was not cognizable in federal habeas because petitioner was "not currently detained as a result of a decision of the" state habeas court) (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)).

The one-year period in which to file a federal habeas corpus petition generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2). Weatherspoon's conviction became final on June 27, 1997, thirty days after the Court of Appeals of Virginia denied his petition for appeal because he did not appeal to the Supreme Court of Virginia. Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). The statute of limitations expired on June 29, 1998, long before Weatherspoon filed the expungement petition in the circuit court on February 8, 2019. Thus, the pendency of the state post-conviction proceeding, even if properly filed, could not toll the already-expired limitations period. See Henson v. Clarke, 1:14cv173, 2014 U.S. Dist. LEXIS 189921, *2-3 (E.D. Va. July 8, 2014) (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Although statutory tolling is not applicable, a petitioner can qualify for equitable tolling if he demonstrates that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408,

3

418 (2005). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test, Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citation omitted) and is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

In his response to the Court's May 7, 2020 Order directing him to explain why his petition is not barred by the statute of limitations, Weatherspoon asserts the statute of limitations is inapplicable because (1) as a self-proclaimed diplomat, he is entitled to diplomatic immunity, (2) as a "sovereign," he is immune from suit by virtue of an organization he allegedly founded; and (3) his trial attorney was ineffective for not noting an appeal to the Supreme Court of Virginia, and he should be appointed two attorneys because he does not have access to a law library because of COVID-19. [Dkt. No. 6 at 1-2, 9]. None of these explanations establish either diligence (given that he waited over twenty years to pursue post-conviction relief), or an impediment that prevented him from raising his claims in a timely manner.

Weatherspoon's self-pronouncement of himself as a "sovereign" is frivolous and does not render him immune from prosecution much less toll the statute of limitations. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (observing that courts routinely reject sovereign citizen legal theories as "frivolous"); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1992) (rejecting defendant's argument that he is a "non-citizen" and thus not subject to the

4

court's jurisdiction as "frivolous"); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (sovereign citizen defendant's claim he was not subject to jurisdiction of court had "no conceivable validity in American law"). Indeed, courts have rejected "self-granted 'diplomatic immunity'" arguments, such as Weatherspoon's, as being without merit. See Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 245 (D. N.J. 2011); see also Pitt-Bey v. District of Columbia, 942 A.2d 1132 (D.C. 2008) (self-proclaimed "Moorish" minister has no diplomatic immunity protection from criminal proceedings conducted within the United States territory).

Weatherspoon's attempt to rely on alleged ineffective assistance over twenty years after his appeal was denied in the Court of Appeals of Virginia simply emphasizes his own lack of diligence. Finally, to the extent Weatherspoon's request for appointment of counsel is not for tolling.

> Similarly, lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training. Prisoners do not have a constitutional right to the assistance of counsel in post-conviction collateral attacks. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). We cannot give the label "extraordinary" to a trait that applies to 92 percent of prisoners filing petitions. See Table C-13: Civil Pro Se and Non-Pro Se Filings, by District, during the 12-Month Period Ending September 30, 2013, http://www.uscourts. Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling. Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013). The statutory deadlines would be meaningless if either of these common problems were enough to override the normal rules.

Socha v. Boughton, 763 F.3d 674, 685 (7th Cir. 2014). To the extent Weatherspoon seeks appointment of counsel separate and apart from his argument for tolling, he is not entitled to counsel. Finley, 481 U.S. at 555.

5

### III. Exhaustion and Procedural Bar

Weatherspoon's untimely petition is not his only hurdle to federal habeas review. Even if his petition was not barred by the statute of limitations, he defaulted all of his claims by not properly perfecting his appeal from the expungement proceeding. The Supreme Court of Virginia dismissed his petition for appeal on July 31, 2019 pursuant to Virginia Supreme Court Rule 5:9(a) because he had not timely filed his notice of appeal in the circuit court. [Dkt. No. 1 at 73]. Weatherspoon has, therefore, defaulted all of his claims, which precludes federal habeas review. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims.").

Federal courts may not review defaulted claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). A petitioner can seek to obtain review of defaulted claims by establishing both "cause" excusing his procedural default, and "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). Weatherspoon has established neither cause to excuse his default or the required prejudice because his claims are frivolous and without merit. See, infra at 7-9.

The "narrow" miscarriage of justice exception is concerned with actual as compared to legal innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citations omitted). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 324

6

(1995)). Weatherspoon has not proffered any evidence of his actual innocence.

### IV. Merits

Weatherspoon's pleading is, at best, irrational. In his first claim, he seeks expungement of his criminal convictions because he believes that his name was used without permission and that such conduct qualifies for expungement under state law in Virginia Code § 19.2-392.2. A federal court "conducting habeas review ... is limited to deciding whether a [state] conviction [or sentence] violated the Constitution, laws, or treaties of the United States," not whether there was an error "of state law." Estelle v. McGuire, 502 U.S. 62, 67, 68 (1991); Wright, 151 F.3d at 159 (challenge to alleged error in state habeas corpus proceedings, cannot provide a basis for federal habeas relief). Expungement is a matter of state law that does not present a federal question.[2]

In any event, the Court agrees with the state circuit court that the claim is frivolous and appears to be based upon what is known as Redemptionist Theory:

> Redemptionist theory ... posit[s] that each person has a split personality, consisting of a real or "living" person and a fictional entity known as a "strawman," and that the government has power only over the latter. Pursuant to this doctrine, the real person can free him or herself from incarceration by filing Uniform Commercial Code financing statements or other financial documents ... [and then] can demand that government officials pay enormous sums of money to use the strawman's name or to keep him in custody.... Redemptionist theory... "has absolutely no legal basis."

Sealey v. Myers, 1:18cv1074, 2018 U.S. Dist. LEXIS 225211, *3 (E.D. Va. Nov. 13, 2018) (citations omitted); see, supra at 4. Consistent with Redemptorist theory, Weatherspoon refers to himself as a "real living and breathing man," a "secured party creditor (S.P.C.)," and regards

---

[2] The Fourth Circuit has held that expungement of state criminal records "must be sought through the state court system," which reinforces the point that expungement is a matter of state law. Dennis v. Nat'l Railroad Passenger Corp., 34 Fed. Appx. 950 (4th Cir. 2002).

7

his name as a "commercial fiction" to differentiate his physical being from his name — a title that he owns and cannot be used without his permission or consent because he registered it with Virginia's State Corporation Commission. [Dkt. No. 1 at 46, 48, 49-50, 59-65]. Weatherspoon reasons that because he did not consent to the use of name in the circuit court proceedings in which he was convicted, his convictions should be expunged, that he be granted an absolute pardon, and that because he is an "international diplomat" that the circuit court erred in not affirming his diplomatic status and not releasing his "private person" from custody pursuant to his expungement petition. [Dkt. No. 1 at 9, 53]. He argues his release was mandatory because he registered his name with the Virginia State Corporation Commission. [Dkt. No. 1 at 8, 49]. Weatherspoon's arguments to remove himself from the authority or jurisdiction of the state court to free his body from incarceration are devoid of merit.

Weatherspoon's pardon argument is just as specious, especially since he has no constitutional right to state clemency proceedings. See Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1272 (11tht Cir. 2010) (citing District Attorney's Office for the Third Judicial District v. Osborne, 557 U.S. 52, 67 (2009)). Again, at best, he presents an issue of state law that is not reviewable in federal habeas. See Estelle, 502 U.S. at 68.

Finally, to the extent he had any "diplomatic immunity" (which he has not established in this proceeding), he has not alleged that he invoked this immunity at trial, rendering the immunity waived. See United States v. Bahel, 662 F.3d 610, 626, (2d Cir. 2011) (citing Holloway v. Walker, 800 F.2d 479, 481 (5th Cir. 1986); United States v. Campa, 529 F.3d 980, 1001 (11th Cir. 2008)).

### IV. Conclusion

8

For the foregoing reasons, this petition must be dismissed with prejudice and an appropriate Order shall issue.[3]

Entered this 14th day of July, 2020.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Weatherspoon fails to meet this standard.